**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-6290**

_____

JUSTIN WRIGHT MALLORY, SR.,

　　　　　　　Plaintiff - Appellant,

　　　v.

TRAVIS HOLDORF; STAN SMITH; RANDY STRANGE,

　　　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Margaret B. Seymour, Senior District Judge.   (3:11-cv-03295-MBS)

_____

Submitted:  April 22, 2014　　　　　Decided:  June 3, 2014

_____

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Edward Bell, III, BELL LEGAL GROUP, Georgetown, South Carolina; Jerry L. Finney, THE FINNEY LAW FIRM, Columbia, South Carolina, for Appellant.   Andrew F. Lindemann, Robert D. Garfield, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Wright Mallory, Sr., appeals from the district court's order granting summary judgment to Travis Holdorf, Stan Smith, and Randy Strange (collectively, "defendants")[1] in this 42 U.S.C. § 1983 action.  Mallory argues that defendants violated his Fourth Amendment rights by arresting and prosecuting him for the murder of his wife without probable cause, and violated his Fourteenth Amendment right to due process by fabricating evidence against him.  He argues that the district court improperly applied the summary judgment standard, and that it prematurely granted summary judgment because he was unable to depose a key witness.  Finding no error, we affirm.

I.

We review de novo a district court's grant of summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013).

A.

To establish a Fourth Amendment violation, a plaintiff must establish that defendants "(1) caused (2) a seizure of the

---

[1]  At the time of the events relevant to this appeal, defendants were employed as deputies with the Richland County, South Carolina Sheriff's Department.

2

plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chambers, 703 F.3d 636, 647 (4th Cir. 2012). The primary issue in this case is probable cause.

"An officer has probable cause for arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (alteration and internal quotation marks omitted). After careful review of the record, we agree with the district court that defendants had probable cause to arrest and detain Mallory for the murder of his wife.[2] Therefore, we conclude that summary judgment was appropriate on Mallory's Fourth Amendment claims.

B.

To demonstrate that defendants violated his Fourteenth Amendment rights, Mallory must show that they "fabricated evidence and that the fabrication resulted in a deprivation of [his] liberty." Washington v. Wilmore, 407 F.3d 274, 282 (4th Cir. 2005).

---

[2] To bolster his argument as to probable cause, Mallory has asked that we take judicial notice of medical reports not in the record and not available to defendants when they arrested Mallory. We deny the motion.

3

We conclude that Mallory has failed to demonstrate that defendants' alleged witness—coaching was the cause of his pretrial detention. As discussed above, Mallory's arrest was supported by probable cause. And Mallory was released from detention after the trial where the allegedly fabricated evidence was used. Accordingly, we find that Mallory cannot demonstrate a constitutional injury.

## C.

Finally, we are unpersuaded by Mallory's argument that summary judgment was premature because he was unable to depose a key witness. The testimony of the witness Mallory sought to depose would not have created a material question of fact as to whether probable cause existed to support Mallory's arrest and detention.

## II.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

4